1   SPENCER FANE LLP
    Andrew M. Federhar (No. 006567)
2   Jessica A. Gale (No. 030583)
    2425 East Camelback Road, Suite 850
3   Phoenix, AZ 85016-4251
    Telephone: (602) 333-5427
4   Facsimile: (602) 333-5431
    E-mail: afederhar@spencerfane.com
5   E-mail: jgale@spencerfane.com

6   Maximilian A. Grant (admitted pro hac vice)
    David A. Zucker (admitted pro hac vice)
7   LATHAM & WATKINS LLP
    555 Eleventh Street, N.W., Ste. 1000
8   Washington, D.C. 20004
    max.grant@lw.com
9   david.zucker@lw.com

10  Attorneys for Plaintiff/Counterdefendant
    SiteLock, LLC

11                  **UNITED STATES DISTRICT COURT**

12                        **DISTRICT OF ARIZONA**

13

| | |
|---|---|
| SiteLock, LLC, an Arizona limited liability company | Case No.: CV-17-04080-PHX-JJT |
| Plaintiff, | **JOINT PROPOSED RULE 26(f) CASE MANAGEMENT REPORT** |
| v. | |
| Comodo CA Limited, a United Kingdom corporation, | |
| Defendants. | |
| Comodo CA Limited, a United Kingdom corporation, | |
| Counterclaimant, | |
| v. | |
| SiteLock, LLC, an Arizona limited liability company | |
| Counterdefendant. | |

14
15
16
17
18
19
20
21
22
23
24
25
26

1   Plaintiff/Counterdefendant         SiteLock,         LLC         ("Plaintiff")         and
2   Defendant/Counterclaimant Comodo CA Limited ("Defendant"), pursuant to this Court's
3   Order dated April 9, 2018, respectfully submit their Joint Proposed Case Management
4   Report as follows:

5       **1.**    **The nature of the case, setting forth in brief statements (no more than**
6   **one page per side) the factual and legal basis of Plaintiff's claims and Defendant's**
7   **defenses.**

8   <u>Plaintiff:</u>  SiteLock, LLC ("SiteLock") is a provider of website security solutions,
9   including cloud-based website protection that monitors and fixed threats, prevents future
10  attacks, and accelerates website performance.  SiteLock competes in that space with a
11  collection of entities known as Comodo, including, among others, Comodo CA Limited.

12      In October 2017, following a business offer that SiteLock rejected, Comodo sent
13  SiteLock an ultimatum, giving SiteLock 48 hours to either accept the offer or take an
14  extortionate license to U.S. Patent No. 7,603,699 (the "'699 patent").  Comodo made clear
15  that if SiteLock did neither, Comodo would sue for infringement of the '699 patent.  At
16  the time, SiteLock was communicating primarily with Comodo Security Solutions, Inc., a
17  New Jersey Corporation. According to public records at the time, the '699 patent was held
18  by Comodo Holdings, Limited, a British Virgin Islands corporation.  Later-revealed
19  public records show that since at least September 2017, prior to all of the above events,
20  the '699 patent was owned by Comodo CA Limited ("Comodo CA").

21      Faced with this threat, SiteLock filed this action seeking a declaratory judgment
22  that it does not infringe any claim of the '699 patent, and that the '699 patent is invalid.
23  under 35 U.S.C. § 101 for failing to claim eligible subject matter.  SiteLock has also
24  raised claims for interference with existing and prospective business relationships,
25  unlawful business practices, and in response to Comodo CA's counterclaim of
26  infringement, various affirmative defenses limiting Comodo CA's rights to assert the '699

1    patent.

2          Defendant: Comodo CA is the owner of the patent in suit, the '699 patent, which

3    was duly issued on October 13, 2009 by the United States Patent and Trademark Office

4    ("USPTO"). Comodo CA denies that the '699 patent is invalid under 35 U.S.C. for failing

5    to claim patent-eligible subject matter.

6          By its Counterclaim, Comodo CA asserts that SiteLock infringes, directly and/or

7    indirectly, the '699 patent. Comodo CA seeks, among other things, permanent injunctive

8    relief, monetary damages, and recovery of Comodo CA's costs and reasonable attorneys'

9    fees incurred in connection with this action.

10

11         **2.     A list of the elements of proof necessary for each count of the**

12   **Complaint and each affirmative defense. Where the burden of proof shifts, each**

13   **party shall list the elements of proof that party must satisfy to prevail. The list of**

14   **elements of proof must contain citations to relevant legal authority, (i.e., United**

15   **States statutory or administrative law, United States Supreme Court case law, Ninth**

16   **Circuit Court of Appeals case law, Arizona case law or statutory law, or other**

17   **authority as required by choice of law rules).**

18   Alleged Patent ineligibility under 35 U.S.C. § 101

19         A patent falls outside the scope of 35 U.S.C. § 101, and is therefore invalid, where

20   "(1) it is directed to a patent ineligible concept, *i.e.*, a law of nature, natural phenomenon,

21   or abstract idea, and (2), if so, the particular elements of the claim, considered both

22   individually and as an ordered combination, to not add enough to transform the nature of

23   the claim into a patent-eligible invention." *Elec. Power Grp., LLC, v. Alston S.A.*, 830

24   F.2d 1350, 1353 (Fed. Cir. 2016).

25         "A patent shall be presumed to be valid . . . The burden of establishing invalidity

26   of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C.

PH 134582

§ 282(a). Therefore, a party challenging the validity of a patent claim must show invalidity (including invalidity under 35 U.S.C. § 101) by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011); *Berkheimer v. HP Inc.,* 881 F.3d 1360, 1369 (Fed. Cir. 2018).

Alleged Non-infringement

Infringement may only be shown where the accused product meets each and every limitation of the asserted patent claim(s), either literally or under the Doctrine of Equivalents. The failure to "meet a single limitation is sufficient to negate infringement of the claim." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

The fact that SiteLock has raised non-infringement as a declaratory judgment claim does not change the fact that Comodo bears the "the burden of proving infringement" as the patentee. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014).

Alleged Interference with Existing and Prospective Business Relationships

A claim for interference with existing and prospective business relationships exists when a plaintiff shows "the existence of a valid contractual relationship or business expectancy; intentional interference inducing or causing a breach or termination of the relationship or expectancy; and resultant damage to the party whose relationship or expectancy has been damaged." *Dube v. Likins*, 216 Ariz. 406, 167 P.3d 93 (Ct. App. 2007).

Alleged Unlawful practices under A.R.S. §§ 44-1522

A claim for unlawful practices under A.R.S. §§ 44-1522 exists where the plaintiff shows that the defendant 1) used or employed any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression, or omission of any material fact with the intent that others rely on such concealment, suppression, or omission, 2) in connection with the sale or advertisement of

1  any merchandise.  A.R.S. §§ 44-1522(A). "Merchandise" can include any intangibles,
2  services, objects, wares, goods, commodities, or real estate.  A.R.S. §§ 44-1521(5).  This
3  claim does not require that any person "has in fact been misled, deceived, or damaged" by
4  the deceptive or unfair act.  A.R.S. §§ 44-1522(A).

5  Alleged Invalidity under 35 U.S.C. §§ 102, 103, and 112:

6       A party challenging the validity of a patent claim must show invalidity by clear and
7  convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). A "claim
8  is anticipated [under § 102] if each and every limitation is found either expressly or
9  inherently in a single prior art reference." *Nidec Motor Corp. v. Zhongshan Broad Ocean
10 Motor Co. Ltd.*, 851 F.3d 1270, 1273 (Fed. Cir. 2017). A claim is obvious under § 103
11 where, "though the invention is not identically disclosed or described as set forth in
12 section 102, if the differences between the subject matter sought to be patented and the
13 prior art are such that the subject matter as a whole would have been obvious at the time
14 the invention was made to a person having ordinary skill in the art to which said subject
15 matter pertains."  35 U.S.C. § 103.  Similarly, invalidity under §112 must be proven by
16 clear and convincing evidence.  *i4i*, 564 U.S. at 95.

17 Alleged Lack of Basis for Injunctive Relief

18      Although pled as an affirmative defense, the burden of proof for injunctive relief
19 remains on the patentee.  In order to receive any injunctive relief, a patentee must show
20 "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as
21 monetary damages, are inadequate to compensate for that injury; (3) that, considering the
22 balance of hardships between the plaintiff and defendant, a remedy in equity is warranted,
23 and (4) that the public interest would not be disserved by a permanent injunction."  *eBay,
24 Inc. v. Mercexchange*, 547 U.S. 388 (2006).

25 Alleged Limitation on Damages

26      Comodo CA carries the burden of proving damages. A patentee may not make any

PH 134582

- 5 -

recovery for infringement committed more than six years prior to the filing of the counterclaim for infringement.  35 U.S.C. § 286.  Similarly, a patentee may not recover damages if it is shown that he failed to give notice to the public in the manner required by 35 U.S.C. § 287, unless the accused infringer was notified of its alleged infringement and continued to infringe afterward, in which case damages may be recovered only for infringement occurring after that notification.  35 U.S.C. § 287.

Alleged Failure to State a Claim

A cause of action should be dismissed for failure to state a claim upon which relief can be granted where the pleading fails to state anything more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Alleged Laches, Unclean Hands, Estoppel, and/or Waiver

A patentee is equitably estopped from a claim of patent infringement where "(1) the patentee, through misleading conduct, led the alleged infringer to reasonably believe that the patentee did not intend to enforce its patent against the infringer; (2) the alleged infringer relied on that conduct, and (3) due to its reliance, the alleged infringer would be materially prejudiced if the patentee were permitted to proceed with its charge of infringement." *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1320 (Fed. Cir. 2010).

Similarly, a patentee may be precluded from relief under the doctrine of unclean hands when that party's "misconduct" has "affect[ed] the equitable relations between the parties in respect of something brought before the court." *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933).  A patentee may also be precluded by waiver, "the express, voluntary, intentional relinquishment of a known right or such conduct as

1  warrants an inference of such an intentional relinquishment.  Waiver by conduct must be

2  established by evidence of acts inconsistent with an intent to assert the right." *Am. Cont'l*

3  *Life Ins. Co. v. Ranier Const. Co., Inc.*, 125 Ariz. 53, 55 (1980) (citations omitted).

4  <u>Alleged Patent Infringement</u>

5       For direct infringement, the patent owner bears the burden of proof by a

6  preponderance of the evidence to show the presence in the accused product of each and

7  every element or its equivalent of each asserted claim for each asserted patent. *Uniloc*

8  *USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011).

9       For inducement, "the patentee must [ ]show that the accused inducer took an

10  affirmative act to encourage infringement with the knowledge that the induced acts

11  constitute patent infringement." <u>*Power Integrations, Inc. v. Fairchild Semiconductor Int'l,*</u>

12  <u>*Inc.*</u>, 843 F.3d 1315, 1332 (Fed. Cir. 2016) (citing *Astornet Techs. Inc. v. BAE Sys., Inc.*,

13  802 F.3d 1271, 1279 (Fed. Cir. 2015) (quoting *Info–Hold, Inc. v. Muzak LLC*, 783 F.3d

14  1365, 1372 (Fed. Cir. 2015)).  As to the knowledge element, the patentee must show

15  that "the alleged infringer knew or was willfully blind to the fact that the induced acts

16  constituted patent infringement of at least one patent claim …." <u>*Warsaw Orthopedic, Inc.*</u>

17  <u>*v. NuVasive, Inc.*</u>, 824 F.3d 1344, 1348 (Fed. Cir. 2016).

18

19      **3.**    **The factual and legal issues genuinely in dispute (no more than one**

20  **page per side), and whether they can be narrowed by stipulation or motion.**

21  • Whether the '699 patent is invalid under 35 U.S.C. § 101.

22  • Whether the '699 patent is invalid under 35 U.S.C. §§ 102, 103, or 112.

23  • Whether the '699 patent is "merchandise" under A.R.S. § 44-1521(5).

24  • Whether SiteLock's accused products infringe the '699 patent directly.

25  • Whether SiteLock induced third parties' infringement of the '699 patent.

26  • If SiteLock is found to infringe a claim of the '699 patent, and that patent is not

invalid, the amount of damages to which Comodo CA is entitled, if any.

- If SiteLock is found to infringe a claim of the '699 patent, and that patent is not invalid, whether SiteLock's infringement was/is willful and whether the amount of damages to which Comodo CA is entitled, if any, should be trebled.

- Whether SiteLock's recovery is limited or barred by statute, or by the doctrines of laches, estoppel, unclean hands, or waiver.

- Whether Comodo CA's recovery is limited or barred by statute, or by the doctrines of estoppel, unclean hands, or waiver.

- If SiteLock is found to infringe a claim of the '699 patent, and that patent is not invalid, whether Comodo CA is entitled to any injunctive relief.

- Whether and to what amount either party is entitled to its costs and attorneys' fees at the conclusion of this case.

- Whether Comodo CA interfered with the existing or prospective business relationships between SiteLock and its actual or potential customers.

- Whether Comodo CA's material omission of the true ownership of the '699 patent during its business discussions with SiteLock violated A.R.S. §§ 44-1522.

**4.      The jurisdictional basis of the case, citing specific statutes. If jurisdiction is based on diversity of citizenship, a statement of the citizenship of every party and a description of the amount in dispute shall be included.** *See* **28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which their partners or members are citizens. See 28 U.S.C. § 1332(c);** *Johnson v. Columbia Props. Anchorage*, **LP, 437 F.3d 894, 899 (9th Cir. 2006);** *Indus. Tectonics, Inc. v. Aero Alloy*, **912 F.2d 1090, 1092 (9th Cir. 1990). The parties are further reminded that the use of**

PH 134582

fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970);

This action and counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq, so this Court has federal question subject matter jurisdiction under 35 U.S.C. §§ 1331 and 1338. The Court has personal jurisdiction over SiteLock as a citizen of Arizona, as SiteLock has its principal place of business and place of incorporation in Arizona.  The Court has personal jurisdiction over Comodo CA because Comodo CA has consented to the jurisdiction of this court by filing its answer and counterclaims.

**5.    Parties, if any, that have not been served, as well as parties that have not filed an Answer or otherwise appeared, including fictitious parties. Unless counsel can otherwise show cause, they shall submit with the Proposed Case Management Plan a proposed Order dismissing any party that has not been served, including fictitious parties, and a motion for the entry of default against any non-appearing party if the time for answering or otherwise appearing has expired.  If a party has been served but not appeared, Plaintiff(s) or Counterclaimant(s) shall provide a copy of this Order to that party;**

None.

**6.    The names of parties not subject to the Court's jurisdiction;**

None.

**7.    Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions**

PH 134582

1   **are contemplated;**

2         The parties are likely to file motions for summary judgment, or other motions for

3   early determination, in this case.  The timing and precise focus of such motions are not yet

4   known, but may include the alleged validity or invalidity of the '699 patent and/or

5   SiteLock's alleged infringement or non-infringement of the '699 patent.  The parties may

6   also file one or more *Daubert* motions to exclude, or partially exclude, the testimony of

7   opposing party's experts concerning issues of, for example, infringement, invalidity,

8   and/or damages.

9

10        **8.**      **Whether the case is suitable for reference to a United States Magistrate**

11  **Judge or a special master;**

12        The parties do not believe this case is suitable for reference to a Unites States

13  Magistrate Judge or Special Master.

14

15        **9.**      **The status of related cases pending before other judges of this Court or**

16  **before other courts.**

17        None.

18

19        **10.**      **A description of the parties' discussions of the mandatory initial**

20  **discovery responses, including any disputes.** *See* **General Order 17-08 at 4 ¶ 9;**

21        SiteLock's Statement

22        SiteLock served its mandatory initial discovery responses on May 3, 2018. To date,

23  Comodo CA has not served its responses, and has not raised any dispute regarding

24  SiteLock's responses.

25        Comodo CA's Statement

26        Comodo CA intends to serve its mandatory initial discovery responses on or before

PH 134582

June 13, 2018, thirty (30) days from the date SiteLock filed its answer to Comodo CA's counterclaim.

**11.    Proposed deadlines (month/day/year)[1] for:**

| Event | Proposed Deadline |
|-------|-------------------|
| File motions to amend the Complaint or to join additional parties | June 22, 2018 |
| Comodo CA to provide infringement contentions | June 29, 2018 |
| SiteLock to provide invalidity contentions | July 27, 2018 |
| Comodo CA proposal:[2] SiteLock to respond to infringement contentions | July 27, 2018 |
| Parties to exchange proposed terms for claim construction | August 17, 2018 |
| Parties to exchange claim constructions and extrinsic evidence | September 7, 2018 |
| Joint claim construction chart and pre-hearing statement | September 28, 2018 |
| Claim construction discovery ends | October 12, 2018 |
| Filing of opening claim construction briefs by both parties | November 9, 2018 |
| Filing of responsive claim construction briefs by both parties | November 30, 2018 |
| Filing of reply claim construction briefs by both parties | December 14, 2018 |

---

[1] The Court prefers to set deadlines for Fridays.
[2] SiteLock does not agree with Comodo CA's proposed deadline as it is not a deadline that is typically included in patent cases.

PH 134582

| *Markman* hearing | To be determined |
|---|---|
| Completion of all fact discovery | May 31, 2019 |
| Disclosure of expert testimony by parties with the burden of proof | August 1, 2019 |
| Disclosure of rebuttal expert testimony | August 30, 2019 |
| Closure of all discovery | October 4, 2019 |
| Completion of good faith settlement discussions | No later than November 12019 |
| Filing of dispositive motions, including *Daubert* motions | December 5, 2019 |

**12.    The scope of discovery, including any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues.  For example, where dispositive motions will be filed (e.g., motions for summary judgment on a statute of limitations defense), counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion;**

The parties intend to propound written discovery, including requests for production, interrogatories, and requests for admission, and conduct depositions as deemed necessary.

**13.    Estimated length of trial, and any suggestions for shortening the trial;**

The parties believe that 10 days will be sufficient.

**14.    Whether a jury trial has been requested and whether the request for a jury trial is contested.  If the request for a jury trial is contested, the Proposed Case**

PH 134582

1  **Management Plan shall set forth the reasons that a trial by jury is in dispute;**

2      Both parties have requested a jury trial on all issues so triable.

3

4      **15.    The prospects for settlement, including any request to have a settlement**

5  **conference before another United States District Judge or a Magistrate Judge, or**

6  **any other request of the Court for assistance in settlement efforts;**

7      The parties believe that this case has the potential to settle, and believe that it is

8  best suited for mediation before a private mediator.

9

10     **16.    Whether any unusual, difficult, or complex problems or issues exist that**

11  **require this case to be placed on the complex track for case management purposes**

12  **(*see* LRCiv 16.2).**

13     None.

14

15     **17.    Any other matters that counsel believe will aid the Court in resolving**

16  **this case in a just, speedy, and inexpensive manner. However, the parties may not**

17  **opt out of compliance with the provisions of General Order 17-08.**

18     None.

19

20     DATED this 22nd day of May, 2018.

21                                SPENCER FANE LLP

22

23                                By *s/ Andrew M. Federhar*
                                      Andrew M. Federhar
24                                    Jessica A. Gale
                                      SPENCER FANE LLP
25

26

PH 134582

2425 E. Camelback Road, Suite 850
Phoenix AZ 85016-4251
AFederhar@spencerfane.com
JGale@spencerfane.com

Maximilian A. Grant (admitted pro hac vice)
David A. Zucker (admitted pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, D.C. 20004
max.grant@lw.com
david.zucker@lw.com

Counsel for Plaintiff/Counterdefendant SiteLock, LLC

GREENBERG TRAURIG, LLP

By *s/ Aaron T. Lloyd*
E. Jeffrey Walsh
Aaron T. Lloyd
Greenberg Traurig, LLP
2375 E. Camelback Road, Suite 700
Phoenix, AZ  85016
walshj@gtlaw.com
lloyda@gtlaw.com
Attorneys for Defendant/Counterclaimant Comodo CA Limited

PH 134582

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that on this 22nd day of May, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

4

5                                    E. Jeffrey Walsh
                                     Aaron T. Lloyd
6                                    Greenberg Traurig, LLP
                                    2375 E. Camelback Road
7                                    Phoenix, AZ  85016
                                    walshj@gtlaw.com
8                                    lloyda@gtlaw.com
                          Attorneys for Defendant Comodo CA Limited

9

10

11                              *s/ Terri Hartloff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PH 134582