**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SiteLock LLC, | No. CV-17-04080-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Comodo Holdings Limited, *et al.*, | |
| Defendants. | |

At issue is Plaintiff/Counterdefendant Sitelock, LLC's Motion to Amend Scheduling Order (Doc. 65, Mot.), to which Defendant/Counterclaimant Comodo CA Limited filed a Response in opposition (Doc. 69, Resp.) and Plaintiff filed a Reply (Doc. 73, Reply). In its Motion, Plaintiff requests that the Court stay discovery and related deadlines in the Scheduling Order (Doc. 62) until the Court resolves Plaintiff's pending Motion for Judgment of Invalidity on the Pleadings (Doc. 64).

Federal Rule of Civil Procedure 16(b) provides that the Court must enter a Scheduling Order in each case and thereafter may modify the case schedule "only for good cause." It is common practice for a party appearing in this Court to file a dispositive motion early in the course of litigation, and it is generally not this Court's practice to stay discovery pending the Court's resolution of the motion. While such a stay would undoubtedly save the parties the expense of certain discovery if the Court ultimately grants the motion, the litigation will have been unnecessarily delayed if the Court denies the motion, which works against the speedy resolution of the litigation and further clogs the Court's already overloaded civil docket.

Plaintiff has not provided the Court with the necessary good cause to stay discovery in this matter. The fact that a dispositive motion is pending is not, by itself, sufficient. Defendant claims Plaintiff's pending Motion for Judgment of Invalidity on the Pleadings is without merit, and Plaintiff claims the Motion is likely to succeed. (Resp. at 4; Reply at 2.) Of course they do. The Court cannot make such a determination until it reviews the parties' briefs and relevant law, and the Court will not begin that task before it resolves the numerous dispositive motions filed in other civil matters ahead of Plaintiff's Motion for Judgment of Invalidity on the Pleadings in this case, simply to address Plaintiff's request to stay discovery. Moreover, as Defendant points out in its opposition to the stay, resolution of Plaintiff's pending Motion will not resolve the other claims in this case, for which discovery is required, and a stay of discovery as to those claims is as prejudicial to Defendant as it is to Plaintiff, even if Plaintiff states it is willing to accept the prejudice against it.

Because the Court does not find the requisite good cause under Rule 16(b) to amend the Scheduling Order (Doc. 62), the Court must deny Plaintiff's Motion.

IT IS THEREFORE ORDERED denying Plaintiff/Counterdefendant Sitelock, LLC's Motion to Amend Scheduling Order (Doc. 65).

Dated this 17th day of July, 2018.

Honorable John J. Tuchi
United States District Judge